**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RODOLFO ERNESTO UMANA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2498-SLP** |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Rodolfo Ernesto Umana, a noncitizen proceeding pro se,[1] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Respondents filed a response to the petition, Doc. 9, and Petitioner filed a reply, Doc. 11. So, the matter is at issue.

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

For the reasons below, the undersigned recommends that the Court grant the petition in part and order Respondents to release Petitioner on an appropriate order of supervision (OOS).

## I. Factual background and procedural history.

Petitioner is a citizen of El Salvador who first entered the United States at an unknown time. He was charged as inadmissible under § 212 of the Immigration and Nationality Act (INA) and placed in removal proceedings on January 18, 2005. Doc. 9, Ex. 1 (Form I-862 Notice to Appear). Petitioner was ordered removed to El Salvador in absentia on August 4, 2006, after he failed to appear at his immigration proceedings, and his order of removal was executed on August 20, 2008. Doc. 9, at 2, 3 & Ex. 2. Petitioner thereafter reentered the United States at an unknown time. *Id.* at 3.

Petitioner's removal order was reinstated under 8 U.S.C. § 1231(a)(5) on October 20, 2011. *Id.* at 3 & Ex. 3; 8 U.S.C. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed … the prior order of removal is reinstated from its original date … and the alien shall be removed under the prior order at any time after the reentry."). Petitioner applied for withholding of removal to El Salvador under § 1231(b)(3), which was granted on July 17, 2012. Doc. 1, at 6; Doc. 9, at 3 & Ex. 6; 8 U.S.C. § 1231(b)(3) ("[T]he Attorney General may not

remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."). Petitioner was apparently released from detention and permitted to reside in the interior of the country.

Petitioner served time in state custody on a misdemeanor charge. Doc. 9, at 3. Upon his release, he was detained by Immigration and Customs Enforcement (ICE) on July 9, 2026. Doc. 1, at 4; Doc. 9, at 3. He remains detained at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 9, at 4. On July 16, 2026, Respondents provided Petitioner with a Notice of Removal notifying Petitioner that Respondents intended to remove him to Mexico.[2] *Id*. Ex. 8.

## II. Petitioner's claims.

Petitioner raises three claims for relief: (1) detention beyond the period of removal authorized by 8 U.S.C. § 1231(a)(6) because ICE is "not likely to remove [Petitioner] in the near future"; (2) violation of the Fifth Amendment

---

[2] On November 4, 2026, this Court ordered Respondents to provide an update regarding Petitioner's detention status as he no longer appeared on the ICE Online Detainee Locator System. Doc. 13. Respondents notified the Court that Petitioner remained detained and had been issued a second Notice of Removal on November 3, 2026. Doc. 14 & Ex. 1.

Due Process Clause based on his "prolonged period" of detention and the government's failure to provide him with an individualized bond hearing; and (3) violation of 8 C.F.R. § 241.4 and unlawful abuse of administrative discretion. Doc. 1, at 6-7. He requests his immediate release from custody or, in the alternative, an individualized bond hearing before an immigration judge (IJ). *Id.* at 7.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner is entitled to relief under § 1231 and *Zadvydas*.

Under § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" The 90-day period is known as the "removal period." *Id.* After the

removal period expires, ICE has the discretion to continue to detain certain classes of noncitizens. *Id.* § 1231(a)(6). The "basic purpose" of § 1231 is "assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699.

However, detention of a noncitizen subject to an administratively final order of removal may not be "indefinite," and the Supreme Court set the "presumptively reasonable period of detention" under § 1231(a)(6) at six months. *Id.* at 699, 701; *see also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005) (reiterating "the reasonable period of post-removal detention is presumptively six months"); *Roble v. Pontesso*, 90 F. App'x 334, 336 (10th Cir. 2004) (describing that "[a]s the possibility of removal becomes remote," the purpose of securing a noncitizen's appearance at immigration proceedings "drops out"). "*Zadvydas*'s six-month [reasonableness] presumption applies only to the first six months that elapse after the removal period is triggered." *Abedi v. Carter*, --- F.4th ---, No. 25-3179, 2026 WL 3149141, at *26 (10th Cir. Oct. 21, 2026). "After this six–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," Respondents "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

A petitioner has the initial burden to show that it has been more than six months after the beginning of the 90-day removal period or rebut the presumption of reasonableness if it has been less than six months and must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.*; *see also Abedi*, 2026 WL 3149141, at *26. If a petitioner meets their initial burden, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

**A. The application of § 1231 to Petitioner's detention.**

Petitioner alleges that "ICE is not likely to remove [Petitioner] in the near future" and so his continued detention is not authorized under § 1231. Doc. 1, at 6. Respondents argue that § 1231 authorizes Petitioner's detention. *See* Doc. 9, at 4-9.

Under § 1231(a)(2), the Attorney General "shall" detain noncitizens throughout the "removal period." The removal period begins following a removal order. 8 U.S.C. § 1231(a)(1)(A). A removal order may become administratively final—prompting the start of the removal period—upon issuance if it is entered in absentia because the noncitizen failed to appear. *See* 8 C.F.R. § 1241.1(e). Certain classes of noncitizens, including those found to be

inadmissible under § 212 of the Immigration and Nationality Act (INA), may be detained beyond the removal period. 8 U.S.C. § 1231(a)(6).

Petitioner was ordered removed on August 4, 2006, and removed from the United States on August 20, 2008. Doc. 9, at 2, 3 & Ex. 2. On October 20, 2011, his removal order was reinstated. *Id.* at 3 & Ex. 3. Petitioner moved to reopen his removal order, but that motion was denied. *Id.* at 3 & Ex. 5. Petitioner's removal order became administratively final on October 20, 2011. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534-35 (2021) (reinstated orders of removal are administratively final); *Khan v. Choate*, No. 19-cv-02733-CMA, 2020 WL 13544132, at *3 (D. Colo. Jan. 27, 2020) ("The 90-day removal period for Applicant commenced on July 18, 2018, the date the order of removal was reinstated and became administratively final.").

Respondents argue that the removal period began on July 9, 2026, when Petitioner was redetained. Doc. 9, at 8. However, this contention is not supported by the statute. 8 U.S.C. § 1231(a)(1)(B).[3] The removal period took effect upon the reinstatement of Petitioner's removal order and ended on

[3] "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

January 18, 2012. Petitioner was re-detained on July 9, 2026, long after the removal period expired. *See* Doc. 1, at 4; Doc. 9, at 3. Because Petitioner was charged as being inadmissible under § 212 of the INA, § 1231(a)(6) allows that he "may be detained beyond the removal period[.]" However, his detention is still subject to due process limitations.

**B. Petitioner has met his initial burden under *Zadvydas*.**

The undersigned concludes that Petitioner has met his initial burden under *Zadvydas*.

**1. Six-month threshold.**

"*Zadvydas*'s six-month [reasonableness] presumption applies only to the first six months that elapse after the removal period is triggered." *Abedi*, 2026 WL 3149141, at *26. Detention within the first six months following the start of the removal period is therefore presumptively reasonable. *See id.*

Respondents allege that, because Petitioner has been detained since July 9, 2026, his detention is within the six-month reasonable period under *Zadvydas*. Doc. 9, at 9.

The undersigned disagrees. *Abedi* held "that *Zadvydas*'s six-month presumption applies only to the first six months that elapse after the removal period is triggered." 2026 WL 3149141, at *26. *Zadvydas* did not create "a

resettable six-month grace period" that arises "every time a noncitizen is detained[.]" *Id.* at *28.

Petitioner's final administrative order of removal was reinstated on October 20, 2011. Doc. 9, at 2, 3 & Exs. 2, 3. As noted above, the *Zadvydas* six-month reasonableness presumption applies to the first six months that elapse after the removal period is triggered. *Abedi*, 2026 WL 3149141, at *26. That period expired on April 20, 2012. As a result, Petitioner's 2026 detention falls well outside the presumptively reasonable period. The undersigned finds that Petitioner has demonstrated that his detention exceeds the *Zadvydas* six-month threshold. *See Abedi*, 2026 WL 3149141, at *26.

**2. Good reasons to believe removal is not reasonably foreseeable.**

To satisfy the burden under *Zadvydas*, a petitioner "must demonstrate the existence of either institutional barriers to repatriation or obstacles particular to his removal." *Dusabe v. Jones*, No. CIV-24-464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024), *adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025); *see also Khaliq v. Noem*, 828 F. Supp. 3d 1260, 1267-68 (W.D. Okla. 2026) (confirming that Judges in this District have "looked to whether the petitioner has demonstrated institutional barriers to repatriation or obstacles particular to his removal"). A petitioner is not required to "show

the absence of any prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702. Rather, a petitioner need only demonstrate that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701. Expiration of the presumptively reasonable period does not itself establish entitlement to release. The Court must separately determine whether Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Here, the undersigned finds that Petitioner has met his initial burden under *Zadvydas*. *Id.* Including time of incarceration, at least a decade has elapsed since Petitioner's final order of removal, and ICE has failed to secure Petitioner's removal to a third country. "[T]he passage of time takes on more significance as inaction and/or lack of progress in effectuating removal is precisely what *Zadvydas* guards against." *Khaliq*, 828 F. Supp. 3d at 1271; *see also Douglas v. Baker*, 812 F. Supp. 3d 525, 530 (D. Md. 2025) (finding that passage of time coupled with "the absence of any evidence that the government has used that time to advance efforts to remove" the petitioner demonstrates that petitioner's detention was no longer authorized by *Zadvydas*).

Additionally, since detaining Petitioner in July 2026, ICE has failed to make meaningful progress in securing his removal. Petitioner states that

"[r]emoval to Mexico is speculative and unavailable because [P]etitioner has no legal status, citizenship, or valid travel documents issued by the Mexican government." Doc. 11, at 2-3. *See also Vishal v. Chestnut*, 811 F. Supp. 3d 1179, 1184 (E.D. Cal. 2025) (finding that petitioner satisfied his burden when he alleged that respondents "failed to provide notice of any progress that has been made over the past seven months to effectuate [petitioner's] removal"); *Trejo v. Warden of ERO El Paso E. Mont.*, No. EP-25-CV-401-KC, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025) (finding that petitioner met his burden by demonstrating, in part, "that ICE has not identified a third country that will accept him").

Respondents represent that they intend to remove Petitioner to Mexico. Doc. 9, Ex. 8; Doc. 14, Ex. 1. However, Respondents identify no removal date, evidence of Mexico's acceptance of Petitioner, travel arrangements or travel documents, or any other progress apart from an intention to move Petitioner. The fact that ICE intends to remove Petitioner to Mexico, by itself, fails to support the conclusion that his removal is reasonably foreseeable. *See Momennia v. Bondi*, Case No. CIV-25-1067-J, 2025 WL 3006045, at *1 (W.D. Okla. Oct. 27, 2025) (finding that "mere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention"). The notices identifying

Mexico do not establish that Mexico has agreed to accept Petitioner or that removal is likely within a reasonably foreseeable period.

### C. Respondents have not rebutted Petitioner's showing.

Because Petitioner has established good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, Respondents must provide evidence sufficient "to rebut that showing." *Zadvydas*, 533 U.S. at 701.

In sum, Respondents have not provided evidence sufficient to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. So, the undersigned recommends that the Court grant Petitioner's petition and order his immediate release subject to an appropriate OOS. *See, e.g.*, *Bui v. Bondi*, No. CIV-26-91-J, 2026 WL 788947, at *5-6 (W.D. Okla. Mar. 20, 2026) (ordering the petitioner's immediate release "subject to an appropriate Order of Supervision" after finding a due process violation based on the petitioner's prolonged detention with no reasonable likelihood of removal to Vietnam).[4]

## V. Recommendation and notice of right to object.

---

[4] Because the undersigned recommends granting relief under *Zadvydas*, the Court need not reach Petitioner's regulatory claim under 8 C.F.R. § 241.4. Doc. 1, at 7 (alleging that Respondents failed to provide Petitioner with an individualized custody determination in violation of agency regulations).

The undersigned recommends that the Court grant the petition insofar as it seeks release under 8 U.S.C. § 1231 and *Zadvydas*, decline to reach the remaining alternative grounds for release, and order Respondents to release Petitioner immediately subject to appropriate conditions of supervision. Respondents should certify compliance within five business days after entry of the Court's order.

The undersigned also recommends that the Court order Respondents to comply with all applicable laws and regulations before any future re-detention of Petitioner, including any applicable exercises of discretion, notice, and opportunity to be heard.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 24, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[5]

---

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").

The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 17th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE